# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 19, 2003

## STATE OF TENNESSEE v. RHONDA ROCK

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S43,086     R. Jerry Beck, Judge**

---

**No. E2002-01580-CCA-R3-CD**
**August 29, 2003**

---

The defendant appeals her sentence of four years for voluntary manslaughter.   The defendant contends that the trial court erred in denying her any form of alternative sentencing.   We conclude that the trial court did not err in sentencing and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Raymond C. Conkin, Jr., Kingsport, Tennessee; Stephen M. Wallace, District Public Defender; and  Richard A. Tate, Assistant Public Defender, for the appellant, Rhonda Rock.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General;  H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Rhonda Rock, appeals from the sentencing determination of the Sullivan County Criminal Court.   The defendant pleaded guilty to the Class C felony of voluntary manslaughter and agreed to accept a Range I sentence, with the length and manner of service to be determined by the trial court following the completion of the presentence report and a sentencing hearing.   After the hearing, the trial court ordered the defendant to serve a four-year sentence in the Tennessee Department of Correction.   On appeal, the defendant argues that the trial court erred in imposing a four year sentence instead of a three-year sentence.   The defendant also argues that the trial court erroneously denied all forms of alternative sentencing.

In May of 1998, the victim, Mark S. Cody, was invited to the home of the defendant and her husband, Tim Rock.   Aaron Cody, Joel Gideon, and Liz Cody were present at the defendant's home at the time of the incident.   The group had been in the defendant's garage when an argument broke out, and the victim chased Liz Cody with a .38 gun.   The victim then

pointed the gun in the direction of the defendant, Tim Rock, Aaron Cody, and Joel Gideon.  The defendant handed a .38 gun to Gideon, who fired two shots at the victim.  Aaron Cody also fired shots at the victim.

On August 31, 1999 a Sullivan County Grand Jury indicted the defendant, Rhonda Rock, on one count of second degree murder.  On August 6, 2001, the defendant entered a blind plea to one count of voluntary manslaughter.  The trial court sentenced the defendant as a Range I, standard offender to four years in the Tennessee Department of Correction.  The defendant brings this timely appeal.

**Analysis**

The defendant appeals the length of her sentence and the trial court's denial of an alternative sentence.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d)(1997).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  "The burden of showing that the sentence is improper is upon the appellant."  Id.  If the record does not demonstrate the required consideration by the trial court, review of the sentence is *de novo* with no presumption of correctness.  Id.  If our review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, we must affirm the sentence, "even if we would have preferred a different result."  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing" and after determining the range of sentence and the specific sentence, then determines the propriety of sentencing alternatives by considering:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in § 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing; and (7) the potential for rehabilitation or treatment.

Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1990); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

**A.  Length of Sentence**

The defendant was convicted of voluntary manslaughter, a Class C felony, and was sentenced to four years in the Tennessee Department of Correction. The defendant argues that

the trial court erred in sentencing her to four years instead of the minimum sentence of three years.

The sentence to be imposed for a Class C felony is presumptively the minimum in the range unless there are enhancement factors present. Tenn. Crim. App. § 40-35-210(c)(1990). The trial court is to increase the sentence within the range as appropriate based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e) (1990). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210 (1990), Sentencing Comm'n Comments; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see Ashby, 823 S.W.2d at 169.

In the instant case, the trial judge granted a significant amount of weight to the defendant's conviction of assault with the intent to commit armed robbery. The presentence report reveals the defendant had an extensive criminal history of writing worthless checks in addition to her convictions of simple assault, assault to commit armed robbery, public drunkenness, and disorderly conduct. Given the defendant's prior criminal history, we conclude that the trial court's application of enhancement factor (1) is proper.

The defendant argues that the circumstances surrounding the crime deserve mitigation from the trial court and the imposition of a minimum sentence. The defendant did not request mitigation regarding the circumstances surrounding the incident, and the defendant did not offer any evidence that the crime was "committed under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct." Tenn. Code Ann. § 40-35-113(11). However, the trial court applied the mitigating factors proposed by the defendant, her poor health and the fact that she cooperated with authorities.

Given the trial judge's proper application of enhancing and mitigating factors, this Court cannot find that the trial court erred in sentencing the defendant to four years of incarceration.

## B.  Alternative Sentencing

The defendant argues that the trial court erred in denying her any form of alternative sentencing.

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is not available to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Tenn. Code Ann. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The burden rests with the defendant to show that she should be placed on probation. State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see Ashby, 823 S.W.2d at 169. Sentencing issues must be decided in light of the unique facts and circumstances of each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Batey, 35 S.W.3d 585, 588-89 (Tenn. Crim. App. 2000). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. Moss, 727 S.W.2d at 235.

In the instant case, the trial court denied the defendant alternative sentencing due to the defendant's criminal history, probation violation, and the nature of the offense. We conclude there is no indication the trial court erred in denying the defendant an alternative sentence.

The defendant also argues that the trial court erroneously refused to consider a statement from the mother of the victim requesting leniency in sentencing. The defendant argues that the trial court considered the impact the victim's death had on his family, but did not take into consideration the statements made by the victim's mother.

The record indicates that the trial court properly considered the victim impact information when determining enhancement and mitigation in sentencing. The trial court stated that, in addition to other factors, it considered the "injury to the victims, for those limited things of emotional, psychological effects upon the victim's family." In the case of State v. Ring, 56 S.W.3d 577, 583-84 (Tenn. Crim. App. 2001), this Court concluded that victim testimony showing the emotional, psychological, and physical effects of the victim's death on the victim's family could be considered as evidence of the nature and circumstances of the crime when determining the appropriate sentence. Here, the trial court used such information in regards to the nature and circumstance of this crime. Therefore, we conclude that the trial court did not err.

### Conclusion

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE