# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
July 25, 2000 Session

## STATE OF TENNESSEE v. ROBERT D. RING

### Direct Appeal from the Criminal Court for Sullivan County
No. S41, 962     R. Jerry Beck, Judge

_____

### No. E1999-02088-CCA-R3-CD
_____March 1, 2001_____

After pleading guilty to vehicular homicide by intoxication, a Class B felony, the trial court ordered the defendant to serve his eight-year sentence on intensive probation, in-house arrest circumstances, subject further to the following conditions: (a) zero use of alcohol; (b) not own or drive an automobile; (c) alcohol counseling after evaluation; (d) payment of liquidated restitution to the victim's family within twenty-four (24) months; (e) any other conditions deemed prudent after intake of the Probation Department.  The State appeals and asserts that the trial court erred in placing this defendant on probation because the trial court failed to consider the victim's impact testimony at the sentencing hearing.  We agree that the trial court misapplied the applicable law characterizing the victim's impact testimony as a "victim's impact statement" and unduly limited the consideration of such statement to enhancing and mitigating factors.  However, after de novo review of the record, we affirm the trial court's judgment, after considering all evidence presented, including the victim's impact testimony, concluding that the factors favoring an alternative sentence, specifically intensive probation, clearly outweigh any factors favoring incarceration.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ. , joined.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellant, State of Tennessee.

George Todd East, Kingsport, Tennessee, for the appellee, Robert D. Ring.

## OPINION

The defendant pleaded guilty to violation of Tennessee Code Annotated section 39-13-213, vehicular homicide by intoxication, a Class B felony.  Pursuant to a plea bargain agreement, the defendant accepted an eight-year sentence, the minimum sentence allowed.  No agreement was

reached, however, on the manner of service of the sentence. Therefore, the trial court held a sentencing hearing and afterwards, ordered the defendant to serve his eight-year sentence on intensive probation. The State appeals and asserts that the trial court erred in concluding that a victim's oral testimony at a sentencing hearing is barred by Tennessee Code Annotated section 40-38-201, the Victim Impact Statement Act. Further, the State asserts that the trial court erred in concluding that this oral testimony can only be considered in determining whether enhancing and mitigating factors apply in establishing the length of sentence and thus cannot be considered in determining whether to grant or deny an alternative sentence. The State asserts that the trial court should have considered the victim's testimony and denied intensive probation. After a de novo review of the record, we hold that the trial court, although misstating the applicable law, nevertheless came to the appropriate conclusion that the defendant should serve his eight-year sentence on intensive probation. After consideration of all the evidence, including the victim's testimony, the factors favoring intensive probation clearly outweigh any factors for incarceration.

## Facts

On the twenty-seventh day of June, 1998, the defendant drove three children and their babysitter in his van to the victim's mother's home. The defendant, believing that all three children were on the sidewalk with the babysitter, pulled from the curb, striking and killing the youngest child, a three-year-old that had remained in front of the van. Officer Nelson Quillen, of the Kingsport Police Department, reported that at the time of the offense the defendant had a strong odor of an intoxicant about him and was unsteady on his feet. His speech was slurred, and he could not perform the field sobriety test. The defendant's blood alcohol was .13 at the hospital and .10 one hour and fifteen minutes later. Dr. Ferslew, a toxicologist, had extrapolated that the defendant's blood alcohol was .162 at the time of the offense.

Evidence at the sentencing hearing revealed that the defendant is sixty-seven years old and is a retired decorated U.S. Army Vietnam veteran. He suffers from numerous medical problems including: an abdominal aortic aneurysm, heart problems, heart bypass surgery, emphysema, and additional circulation problems, all of which limit his physical and social activities. The defendant has no prior criminal record. He said he pled guilty to eliminate any further pain he had caused the family because he felt they had suffered enough. The defendant expressed remorse for his actions and said that he loved the child that is now deceased. He has experienced depression stemming from the offense and is being treated for depression at the V.A. Hospital. The defendant places more blame on the size of the van blocking his vision of the child than on his intoxication.

## Analysis

We first address the State's assertion that the trial court misapplied the applicable law governing testimony of the victim at the sentencing hearing. In the November 3, 1998 general election, the voters of Tennessee ratified an amendment to the Tennessee Constitution relative to the rights of victims of crimes, which became Article I, Section 35. Tenn. Code Ann. § 40-38-301. The General Assembly then enacted legislation to implement and make fully operational the provisions of Article I, Section 35. Id. The law governing victims' rights and their implementation in sentencing criminal defendants is a growing and developing area of law in Tennessee courts as

well as in the United States Supreme Court.  See, e.g., Payne v. Tennessee, 501 U.S. 808, 11 S. Ct. 2597, 115 L. Ed. 2d 720 (1991).  Although many capital cases have addressed issues involving victims' rights and their conflict with defendants' rights, no reported non-capital cases have discussed in detail how victims' rights are implemented in sentencing.  We are limiting our discussion here to judge sentencing rather than jury sentencing.

In implementing victims' rights, the Legislature provided that "victims and witnesses shall have certain rights in this state."  Tenn. Code Ann. § 40-38-101(a).  The provisions set out by the Legislature are known and cited as the "Victims' Bill of Rights."  Tenn. Code Ann. § 40-38-101(b). These provisions contain Tennessee Code Annotated section 40-38-103(a)(2), which provides two methods in which victims can exercise the constitutional right conferred on them by Article I, Section 35 of the Tennessee Constitution, and therefore be allowed to participate in the sentencing process.  Section 40-38-103(a)(2) provides that

> All victims of crime shall . . . have the right to: . . . (2) Whenever possible, be advised and informed of plea bargaining discussions and agreements prior to the entry of any plea agreement, where such victim is a victim of violent crime, involving death of a family member or serious bodily injury, speak at parole hearings, *submit a victim impact statement to the courts* and the board of paroles *and give impact testimony at court sentencing hearings*.

(Emphasis added).

This case involved the death of a family member.  Therefore, we conclude the victim has an opportunity to (1) submit a "victim impact statement" and/or (2) give impact testimony at the sentencing hearing.

The Legislature enacted the "Victim Impact Statement Act," which governs "victim impact statements" submitted to the court.  Tenn. Code Ann. §§ 40-38-201 to -208.   A "victim impact statement" is defined by statute as "a statement providing information about the financial, emotional, and physical effects of the crime on the victim and the victim's family, and specific information about the victim, the circumstances surrounding the crime, and the manner in which it was perpetrated."  Tenn. Code Ann. § 40-38-203(2).  Additionally, Tennessee Code Annotated section 40-38-205 states that the "department of correction shall prepare a written victim impact statement as part of the presentence report on the defendant.  . . . If the victim or victim representative cannot be located or declines to participate in the preparation of the statement, the department shall include a notation to that effect in the statement."  Tennessee Code Annotated section 40-38-206 directs that the presentence report, which includes the victim impact statement, be filed within ten days prior to the sentencing hearing and copies made available to the parties.  Tennessee Code Annotated section 40-38-208 states, "Any victim impact statement submitted to the court under section 40-38-205 shall be considered as evidence in determining whether the factors in §§ 40-35-113 and 40-35-114 apply."

In addition, a victim may participate in the sentencing process pursuant to Tennessee Code Annotated section 40-35-209(b):

At the sentencing hearing, the court shall afford the parties the opportunity to be heard and present evidence relevant to the sentencing of the defendant and may *afford the victim* of the offense or the family of the victim *the opportunity to testify relevant to the sentencing of the defendant*. The court may allow the parties to subpoena witnesses and call or cross-examine witnesses, including, but not limited to, the person who prepared the presentence report and any person whose information contained in the presentence report is relevant to the sentencing decision. At the sentencing hearing, the district attorney general shall be the first party to present evidence and then the defendant shall have an opportunity to present evidence. Both parties may be allowed to call witnesses in rebuttal. The rules of evidence shall apply, except that reliable hearsay including, but not limited to, certain copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted; provided, that this subsection shall not be construed to authorize the introduction of any evidence secured in violation of the constitution of the United States or of Tennessee.

(Emphasis added).

We agree with the State's position that the Legislature has provided three statutes allowing a victim to participate in the sentencing process. See Tenn. Code Ann. §§ 40-35-209(b); 40-38-103(a)(2); -201 and -208. In reviewing these three statutes, we note that, Tennessee Code Annotated sections 40-38-201 and - 208 require a written statement, whereas Tennessee Code Annotated section 40-35-209(b) and Tennessee Code Annotated section 40-38-103(a)(2) allow oral testimony. We further note that existing law shows no preference for which method should be chosen by the victim. We also do not suggest nor do we hold that the State or the defendant cannot compel a victim to testify if they possess relevant evidence concerning sentencing considerations.

We also agree with the State's position that the trial court erred in characterizing the victim's testimony as a "victim impact statement," which should be analyzed under the "Victim Impact Statement Act." Here the victim gave live testimony, not written. She was therefore available for cross-examination. Her testimony was not prepared with the help of the Department of Correction. Her testimony was not contained in a presentence report and thus, was not subject to the ten-day notice provision. We conclude that the live testimony of this victim should have been considered under Tennessee Code Annotated sections 40-38-103(a)(2) and 40-35-209(b).

Our analysis is not concluded with this holding. The trial court limited the consideration of victim impact testimony to the statutory enhancing and mitigating factors only. The trial court thereafter concluded that enhancing and mitigating factors are relevant to determining the specific sentence or length of punishment and not relevant for consideration concerning alternative sentencing. We believe the trial court's limiting the consideration is misplaced. Tennessee Code Annotated section 40-35-210(b)(5) sets forth that the trial court shall consider, in determining the specific sentence and the appropriate combination of sentencing alternatives, evidence and information offered by the parties on the enhancement and mitigating factors in sections 40-35-113 and -114. The trial court's failure to consider enhancing and mitigating factors in fashioning the appropriate combination of sentencing alternatives is misplaced. Whenever victim impact

-4-

information contains relevant and reliable evidence relating to enhancing or mitigating factors and/or any other sentencing consideration, the trial court should consider it and determine what weight, if any, should be given to that evidence.

The victim's impact testimony presented at this defendant's sentencing hearing was as follows:

> I was asked the question, what would I like to happen to Mr. Ring? That was a hard question for me, because I know whatever the decision made, I will never be with my baby again. Mr. Ring states that it was an accident and he didn't mean to hurt him, but I also know that Mr. Ring took away one-third of my life and my baby sister's life, his brother's life. Mr. Ring had a decision to make, as we all do in our life. Then again we all know that every decision has a consequence there following. Every day an innocent child or a person dies because someone chooses the wrong decision, as Mr. Ring did. Not only does an innocent person lose their chance in life, but if anyone has ever had the loss of a child, they know that part of their life dies also. If every person could say, oops, it was an accident, and had no consequence to pay, then what are we saying, it's okay to them, on their way, make that same decision until what, another person who chooses the right decision loses again? My son, he isn't here with me anymore and part of my life has left with him forever. And what a tragedy for Mr. Ring to be behind bars away from what, his habit? What guilt or sympathy he feels is it because of what happened to Jonathan, or is it because he finally got caught making the wrong decision and there is a consequence awaiting? I guess what I'm saying is who are we protecting, the innocent or the guilty, and where does it stop? This is my son, Jonathan Lee Smith.' (Holds up photograph.) 'He lived three years, nine months and twenty-seven days. And every year that passes I try to imagine him growing and being his own unique person and special self and I will always have to wonder because there was a wall placed in front of me that I can't see beyond anymore and this is all that I have left.' That's all I have to say. Nothing further, Your Honor.

The State contends that the trial court should consider the victim's impact testimony in determining the defendant's sentence, yet the State does not point to any relevant or reliable evidence in the statement that pertains to any enhancing or mitigating factors and/or tends to prove any other sentencing consideration. After carefully reviewing this victim's testimony, we conclude it shows the financial, emotional, psychological, or physical effects of the victim's death on the victim's immediate family. A trial court may consider this evidence about the nature and circumstances of this crime in determining an appropriate punishment. However, just like a jury, the trial court's consideration must be limited to a rational inquiry into the culpability of the defendant, not an emotional response to the evidence. See State v. Nesbit, 978 S.W.2d 872, 892 (Tenn. 1998).

We do not suggest that the victim's impact testimony was not felt by the trial judge or this Court, for indeed it was. It stands to paint an indelible picture of the pain and tragedy this

defendant's action caused this victim, a loving and heartbroken mother. Tennessee courts are well versed on the impact crime has upon its citizens. We acknowledge, when a death occurs as a result of any crime, that the damage to the victim is immeasurable.

In the final analysis of this victim's impact testimony, we understand her desire that this defendant be incarcerated for the pain and loss his criminal conduct brought upon her. However, the State cites to no authority that stands for the proposition that a victim's or counsel's desire for a particular sentence should be afforded any weight in fashioning an appropriate sentence.

Having reviewed reported and unreported decisions, we recognize that trial courts have received little guidance on how to appropriately use victim impact testimony in fashioning an appropriate sentence. We conclude that Tennessee Code Annotated sections 40-38-103(a)(2) and 40-38-201 to -208 provide a victim the opportunity to provide the trial court with victim impact evidence and such is relevant in determining the nature and circumstances surrounding the offense. We further acknowledge that victim impact testimony may contain evidence that is relevant and reliable to other sentencing considerations. Therefore, the trial court should allow the victim an opportunity to be heard.

In the instant case, the trial court should have received this victim's impact testimony consistent with its discretion discussed later in this opinion. The trial court should determine whether the victim's impact testimony contained any relevant and reliable evidence establishing enhancing or mitigating factors and what weight it should be given.

After hearing all the proof, the trial court should determine the enhancing and mitigating factors and then determine the defendant's specific sentence. Here the defendant's specific sentence of eight years was established pursuant to a plea bargain agreement. The trial court should then further consider the existence of enhancing and mitigating factors and the nature and circumstances surrounding the offense in fashioning an appropriate sentence alternative. See Tenn. Code Ann. § 40-35-210.

Should the victim's impact statement or impact testimony contain any other relevant and reliable evidence pertaining to any other sentencing principles or arguments as to sentencing alternatives, the trial court should determine what weight it should be given.

Given the opportunity to submit to the trial court victim impact information, we realize that a victim often may wish to express a sentencing desire. From our review of many sentencing issues and presentence reports, it is not uncommon to find a victim expressing a desire that the defendant receive a particular sentence. It is not unusual that the victim request the defendant receive the maximum sentence allowed. To allow any weight to be given this desire would serve to trump all other relevant sentencing considerations.

A victim's opportunity to provide impact information should be controlled by the sound discretion of the trial court. The trial court is responsible for all proceedings that are conducted before it and may require that they be done in a civil manner and with the utmost of decorum. Just as a trial court can establish rules for decorum in the courtroom when the jury is announcing a

verdict, so too should the trial court set forth rules for decorum in receiving victim impact information. Every day trial courts throughout Tennessee see circumstances and results of crime that cause victims great pain, anguish, disgust, and even rage for a particular defendant. However, a victim's expression of desire for a particular sentence shall be expressed in a civil manner consistent with the utmost of decorum. At the sentencing hearing, for the victims to have the greatest impact on a defendant's sentence, they should focus upon providing the court with relevant and reliable evidence concerning sentencing considerations. In the instant case, the trial court clearly expressed a dilemma that most trial courts face on a routine basis. Here the trial court stated, "If I could consider the mother's testimony generally, Mr. Perrin, I'll state here flat out on the record, . . . I would deny probation." This statement by the trial court evidences his strong desire to satisfy this victim's pain. However, a trial court should resist the temptation to sentence upon mere emotion and must focus upon whether the impact testimony submitted contains any evidence relevant to sentencing considerations.

In the instant case, we conclude that the trial court erred in three respects: (1) in characterizing the victim's testimony as a "victim impact statement;" (2) in stating that enhancing and mitigating factors shall be considered only in determining the specific sentence and therefore, are irrelevant to alternative sentencing; and (3) therefore, in not considering the victim impact testimony in determining an appropriate sentence.

**Sentencing**

The State contends that the trial court erred by ordering that the defendant serve the entire term of his sentence on probation. This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, our review is de novo with no presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). Having concluded that the trial court erred in limiting the victim's impact testimony to enhancing and mitigating factors thereby not considering it in fashioning an appropriate sentencing alternative, we agree to review this case de novo without a presumption of correctness. In this case, the State, as the appealing party, must show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

In this case, however, the defendant was convicted of a Class B felony and is therefore not presumed a favorable candidate for alternative sentencing options. Nevertheless, this defendant is eligible for consideration for probation. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). The offense of vehicular homicide by intoxication is not listed as a statutory

exclusion.

A court should consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114 as they relate to the section 40-35-103 considerations. State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996); see Tenn. Code Ann. § 40-35-210(b)(5). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

It is further presumed that a sentence other that incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Byrd, 861 S.W.2d at 380. Although probation must be considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking probation bears the burden on appeal of showing the sentence imposed is improper, and that probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). However, in this case, the State bears the burden of showing that the imposition of probation was improper.

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994).

Probation may be denied based solely on the circumstances surrounding the offense. State v. Hartley, 818 S.W.2d 370, 374 (Tenn. Crim. App. 1991). However, the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of a excessive or exaggerated degree; and the nature of the offense must outweigh all factors favoring probation. Hartley, 818 S.W.2d at 374-75.

In determining if incarceration is appropriate, a trial court considers (1) the need to protect society by restraining a defendant having a long history of criminal conduct; (2) the need to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses; and (4) whether less restrictive measures

-8-

have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

In our de novo review, we have given due consideration to all evidence presented at the sentencing hearing, including the victim's impact testimony, and conclude as follows:

(1) The victim's impact testimony, which we consider relevant in proving the nature and circumstances of the offense, was not sufficient to prove that the circumstances of this offense established the criteria set forth in Hartley to be allowed as the sole basis to deny probation. Further, the nature of the offense was not such to outweigh all factors favoring probation.

(2) The following factors are in favor of probation:
   (a) The defendant has no prior criminal record;
   (b) the defendant is a decorated Vietnam veteran, retired from the U.S. Army after twenty-five years of service, and has an ordinary social history;
   (c) the defendant is sixty-seven years old;
   (d) the defendant has numerous medical problems that require constant treatment and limit his physical and social activities;
   (e) the defendant has accepted responsibility and is remorseful; and
   (f) probation would be in the best interest of the defendant and the public, as the defendant requires continuing medical and physical assistance because of his age and medical condition.

(3) In determining whether incarceration is appropriate, we note the following:
   (a) there is no evidence that an alternative sentence would depreciate the seriousness of this offense;
   (b) after considering the five (5) factors set forth in State v. Hooper, 29 S.W.3d 1 (Tenn. 2000), there is insufficient evidence to conclude that incarceration is warranted based upon the need for deterrence;
   (c) no less restrictive measures have been unsuccessfully applied to this defendant; and
   (d) considering all other evidence, facts, and circumstances, nothing in the record, including the victim's testimony, mandates incarcerating the defendant.

Therefore, we conclude that the factors favoring an alternative sentence, specifically probation, clearly outweigh any factors favoring incarceration.

## CONCLUSION

We conclude that a trial court must allow a victim to provide the court with victim impact testimony pursuant to the "Victim's Impact Statement Act" and/or Tennessee Code Annotated sections 40-38-102(a)(2) and 40-35-209(b). We further hold that any victim impact testimony must

be considered in determining the length of the defendant's sentence and the manner of service of that sentence, to the extent that such testimony contains relevant and reliable evidence establishing enhancing or mitigating factors and/or any other sentencing considerations. However, we affirm the trial court's sentence imposed in this case after considering all evidence presented, including the victim's impact testimony, concluding that the factors favoring an alternative sentence, specifically intensive probation, clearly outweigh any factors favoring incarceration.

_____
JOHN EVERETT WILLIAMS, JUDGE