# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 28, 2010

## STATE OF TENNESSEE v. MITZI ROLLINS

### Direct Appeal from the Circuit Court for Moore County
### No. 1134     Robert Crigler, Judge

### No. M2010-00566-CCA-R3-CD - Filed February 14, 2011

The appellant, Mitzi Rollins, pled guilty in the Moore County Circuit Court to one count of initiating a false report under Tennessee Code Annotated section 39-16-502. The plea agreement provided that she would be sentenced to two years and ten months, with the trial court to determine the manner of service. After a hearing, the trial court denied the appellant's request for alternative sentencing, citing her lengthy criminal history and the repeated unsuccessful attempts to use less restrictive sentencing. The appellant contends the trial court erred by ordering her to serve her sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

A. Jackson Dearing, III (at trial) and Gregory D. Smith (on appeal), Clarksville, Tennessee, for the appellant, Mitzi M. Rollins.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Hollyn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

According to the facts recited by the State at the plea hearing, the appellant reported to a sheriff's deputy that several items had been stolen from her. In particular, she claimed that two guns, some prescription drugs, and cash had been taken. Upon investigation, the

deputy learned that the appellant had in fact pawned the guns and had either sold or ingested all of the medication.

The appellant was indicted on one count of initiating a false report under Tennessee Code Annotated section 39-16-502. After reaching a plea agreement with the State, the appellant pled guilty to the indictment. The agreement set the length of her sentence at two years and ten months, but it left the manner of service to be determined by the court.

At the sentencing hearing, the State relied upon the evidence presented at the plea hearing and the presentence investigation report.

The appellant testified that she was thirty-nine years old and was married but in the midst of a divorce. She testified that she had two children: one nine years old and one twenty years old.

The appellant testified that she had extensive and debilitating health problems. She stated that she had surgery six years earlier to remove a brain tumor and that she still had an inoperable tumor in her right frontal lobe that caused seizures. Additionally, she testified that she had emphysema, which required constant oxygen; was a diabetic; and had high blood pressure. She said she saw a family doctor once a week and a neurologist once a month. The appellant also testified that she had a number of mental health issues and had previously been hospitalized for suicide attempts. The appellant testified that she took twelve-to-fifteen prescription medications for her physical and psychological conditions.

The appellant also discussed her work history. She explained that prior to her brain surgery, she had always held a job. However, she had been unable to work since the surgery. The appellant said that she had received Social Security disability benefits; however, the benefits were terminated after her husband reported that she had been working. The appellant denied the allegation and said she was trying to get her benefits reinstated.

On cross-examination, the appellant acknowledged that she was previously on probation for a driving under the influence conviction and that her probation had been revoked.

At the conclusion of the appellant's testimony, the State argued that she was not a good candidate for alternative sentencing. The State reasoned that the appellant's criminal record, which was detailed by the presentence report, and the revoked DUI probation strongly counseled against alternative sentencing.

The defense argued that alternative sentencing was appropriate because of the

-2-

appellant's significant health issues. It explained that, "[q]uite frankly [Appellant] is dying," and therefore her health concerns outweighed her prior history.

The trial court detailed the appellant's lengthy criminal history, which included two DUIs; forgery; theft; passing worthless checks; and traffic, drug, and alcohol offenses. The court noted that the appellant had been placed on probation at least seven times (one of which was revoked), that she had two convictions that resulted in only fines, and that she also had been given a pretrial diversion for another offense. The court thus found that, "[c]ertainly," less restrictive means had been frequently and unsuccessfully applied to the appellant. It therefore concluded that incarceration was necessary. The appellant now argues that the trial court erred in denying alternative sentencing.

## II. Analysis

Appellate review of the manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in her own behalf; and (8) the potential for rehabilitation or treatment. See id. §§ -102, -103 & -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of her sentence. See Tenn. Code Ann. § 40-35-401, cmts. If the record reveals that the trial court adequately considered the sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. See id. at (d); Ashby, 823 S.W.2d at 169.

The Sentencing Reform Act of 1989 encourages judges to utilize non-incarceration sentencing alternatives. See Tenn. Code Ann. § 40-35-103(6); see also State v. Ring, 56 S.W.3d 577, 585 (Tenn. Crim. App. 2001). Because the appellant is a non-violent class D offender, she is considered "a favorable candidate for alternative sentencing." Tenn. Code Ann. § 40-35-102(6). However, even if the appellant is considered "a favorable candidate" under subsection (6), she may nonetheless be sentenced to incarceration based upon the trial court's determination that:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the

offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Further, the trial court may consider the applicable mitigating and enhancing factors under sections -113 and -114 and "the potential or lack of potential for rehabilitation" to determine if incarceration is appropriate. State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996); see also Tenn. Code Ann. § 40-35-103(5).

The trial court did not err in denying alternative sentencing. It carefully evaluated the principles of sentencing and the relevant facts. In doing so, the trial court paid particular attention to the appellant's extensive criminal history. The court also noted that the record revealed that she had repeatedly been placed on probation or been given other, non-custodial sentences. Thus, the record supports the trial court's finding that less restrictive measures have been tried frequently and unsuccessfully. Finally, the trial court considered the appellant's health condition; however, it concluded that the Department of Correction could adequately address the appellant's needs. The record supports the trial court's conclusion that the appellant is not a good candidate for alternative sentencing.

### III. Conclusion

For the foregoing reasons we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE