# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs at Knoxville November 2, 2010

## STATE OF TENNESSEE v. CORNELIUS O'BRIEN LOVE

**Appeal from the Madison County Circuit Court**
**No. 09-543      Donald H. Allen, Judge**

---

**No. W2010-00334-CCA-R3-CD  - Filed March 21, 2011**

---

The Defendant, Cornelius O'Brien Love, pled guilty to aggravated burglary, a Class C felony, and theft of property worth at least $500 but less than $1,000, a Class E felony. See T.C.A. §§ 39-14-403, 39-14-103, 39-14-105(2) (2010).  He was sentenced as a Range I, standard offender to four years' incarceration for aggravated burglary and two years' incarceration for theft, with the sentences to be served concurrently.  He was ordered to pay $1,906.06 in restitution to the victims.  On appeal, the Defendant contends that the trial court erred by imposing confinement.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Cornelius O'Brien Love.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's guilty pleas and sentences were pursuant to a plea agreement with the manner of service to be decided by the trial court.  The State's recitation of facts at the guilty plea hearing reflected that on May 24, 2009, the Defendant burglarized the Madison County home of the victims, William and Catherine Pruitt.  When officers arrived at the home, they concluded that the Defendant entered through a broken window panel on the back door.  Missing items included gold coins, a Kodak camera, and one or two handguns.

A neighbor, Judy Hudson, told the police that she looked into the victims' backyard and saw the Defendant and two juveniles, including her grandson, looking into a duffle bag or backpack and then leaving the backyard. Ms. Hudson recognized the Defendant because her grandson dated the Defendant's sister. Her grandson gave the police a statement admitting his and the Defendant's involvement in the burglary. The Defendant's sister told the police that she saw the Defendant in possession of a gun and gold coins. Another witness told the police she was with the Defendant after the burglary and that she saw him with gold coins and a handgun.

The Defendant told the police he sold a gun. The value of the gold coins and the guns was more than $500. One of the guns was an antique Japanese pistol from World War II that Ms. Pruitt's father brought home after his war service. The police report listed a second pistol, but Ms. Pruitt was not "sure about that" when she spoke to the prosecutor. The Defendant agreed that the facts as recited by the State were substantially correct.

At the sentencing hearing, the State offered the presentence report into evidence, and defense counsel acknowledged that the report was correct. The State noted that as part of the presentence report, the victims submitted a victim impact statement, claiming $1,906.06 as the amount needed for restitution.

Trial counsel stated that the Defendant finished serving a general sessions court sentence for vandalism and criminal trespass three weeks before the sentencing hearing. Trial counsel said the Defendant had a one-year-old daughter and no felony criminal history or documented history of substance abuse.

In denying the Defendant's request for probation, the trial court applied five sentencing enhancement factors pursuant to Tennessee Code Annotated section 40-35-114 (2010): (1) the Defendant had a previous history of criminal convictions and behavior; (8) the Defendant had previously failed to comply with the conditions of a sentence involving release into the community; (9) the Defendant possessed a firearm during the commission of the offenses; (13)(C) the Defendant was on probation at the time he committed the offenses; and (16) the Defendant had been previously adjudicated of committing a delinquent act as a juvenile that would constitute a felony if committed by an adult. The trial court applied two mitigating factors pursuant to Tennessee Code Annotated section 40-35-113 (2010): (6) because of youth, the Defendant lacked substantial judgment in committing the offense and (13) the Defendant admitted his guilt.

2

The trial court gave "great weight" to the enhancement factors, stating:

> Now, as far as whether or not he would be an appropriate candidate for some type of probation or alternative sentencing, the Court finds that in this case that measures less restrictive than confinement have frequently and recently been applied to this defendant without success. Specifically . . . there [were] at least three different occasions in the last couple of years that Mr. Love has been granted probation and on each of those occasions, he has gone out and committed new offenses. The Court finds that that indicates that he is not an appropriate candidate for probation or alternative sentencing.
>
> The Court is also considering the facts and circumstances surrounding this offense and also the nature and characteristics of the criminal conduct involved. Obviously aggravated burglary is a very serious matter especially when you are already on probation for trespassing and vandalism.

The Defendant contends on appeal that the trial court erred by denying some form of probation because it did not place enough weight on the Defendant's age of twenty-one years at the time of the offenses and his potential for rehabilitation. The State contends that the trial court properly considered enhancement and mitigating factors and that the court's denial of alternative sentencing was supported by the Defendant's criminal history and demonstrated lack of potential for rehabilitation. We agree with the State.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d), -402(d) (2010). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if confinement is appropriate, the trial court should consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective

3

deterrence to people likely to commit similar offenses, or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C) (2010). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5), -210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed. T.C.A. § 40-35-103(4).

The Defendant was eligible for probation because his sentences were under ten years and because his offenses were not among those excluded from consideration for probation. See T.C.A. § 40-35-303(a) (Supp. 2009) (amended 2010). As a standard offender convicted of a Class C felony and a Class E felony, the Defendant should have been considered a favorable candidate for alternative sentencing in the absence of evidence to the contrary. See T.C.A. § 40-35-102(6) (2010). The burden, though, was on the Defendant to establish that he was suitable for probation and "that probation [would] be in the best interest of the defendant and the public." State v. Ring, 56 S.W.3d 577, 586 (Tenn. Crim. App. 2001) (citing State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997)).

The Defendant concedes on appeal that the trial court considered valid enhancement and mitigating factors. He cites no authority to support his argument that the trial court should have weighed his youth more heavily as a mitigating factor. At the sentencing hearing, the trial court stated that it gave "some consideration for mitigating purposes" to the fact that the Defendant was a "relatively very young man."

The weighing of enhancement and mitigating factors is within the sole discretion of the trial court. See State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). In applying mitigating factor (6) and determining whether the defendant's youth meant that he lacked substantial judgment in committing the offense, trial courts are to consider the "concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity, or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993).

At twenty-one years old, the Defendant was an adult at the time he committed the offenses. The record shows that he attended high school through the eleventh grade. He was the father of an infant daughter and was employed for a short time as a dishwasher. He was familiar with the consequences of crime, as shown by his criminal history, which included multiple convictions as an adult and the commission of new offenses while on probation. He presented no evidence that his mental capacity or development affected his ability to

4

appreciate the nature of his conduct. See State v. Winston Chadrick McClain, No. M2002-02178-CCA-R3-CD, Marshall County, slip op. at 6-7 (Tenn. Crim. App. July 15, 2003) (concluding that the trial court properly gave mitigation factor (6) "extremely little weight" because the fifteen-year-old defendant's lengthy and increasingly serious juvenile record indicated that he understood the nature of his conduct and because no evidence was offered to the contrary). The Defendant is not entitled to relief.

We conclude that the trial court properly considered relevant sentencing factors and that the Defendant did not carry his burden of showing suitability for probation. In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE