IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

**STATE OF TENNESSEE v. TEDDY LYNN SAMS**

**Appeal from the Circuit Court for Sullivan County**
**No. S66005       Jerry Beck, Judge**

_____

**No. E2017-01837-CCA-R3-CD**

_____

The Defendant, Teddy Lynn Sams, pleaded guilty to three counts of violating a condition of community supervision in exchange for an effective sentence of eleven months and twenty-nine days with the trial court to determine the manner of service of the sentence. After a hearing, the trial court ordered that the Defendant serve his sentence in confinement. On appeal, the Defendant contends the trial court erred when it did not order an alternative sentence. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and THOMAS T. WOODALL, J., joined.

Stephen M. Wallace, Public Defender; Terry L. Jordan, Assistant Public Defender, Blountville, Tennessee, for the appellant, Teddy Lynn Sams.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry P. Staubus, District Attorney General; Julie R. Canter, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's violation of the terms of his Community Supervision for Life as a result of his attempted aggravated sexual battery conviction in 2006. At the guilty plea hearing, the parties agreed that the affidavit of complaint would serve as the factual basis for the Defendant's guilty plea. The affidavit of complaint, included in the record, states that the Defendant was aware of the conditions of his supervision, having signed forms on March 24, 2014, which enumerated the conditions.

The affidavit of complaint goes on to state that the Defendant violated Rule #2 of the conditions of release, which required him to obey the law. The complaint stated:

> The [Defendant] committed the offense of Driving Under the Influence and Violation of Financial Responsibility Law on or about 12-25-2014 in Blountville, Sullivan County, TN. Essential facts of the offenses reveal that the [Defendant] was the driver of a Chevrolet S10 pickup involved in a single vehicle crash . . . . Upon investigation, Deputy Matt Pendleton, SCSO, noticed an odor of an alcoholic beverage about [the Defendant]'s person and breath. Additionally, the [Defendant] stated to Deputy Pendleton that he had consumed several beers during the course of the day, with his last one being approximately two hours prior to the collision. He also indicated that he had eaten very little during the course of the day. An investigation of the vehicle revealed numerous beer cans strewn about the vehicle cabin.

The affidavit also alleged that the Defendant violated Special Condition #1 of the Community Supervision for Life certificate, which stated that he agreed "to abide by the Specialized Parole Conditions for Sex Offenders as adopted by the Department of Correction." One of these rules was that he not use or possess any alcoholic beverage. In contravention of this, the Defendant had admitted to Deputy Pendleton that he had consumed several beers on the day of the accident, which comprised Count 1 of this violation. In Count 2, on or about August 19, 2015, the Defendant told his probation officer that he had purchased and consumed beer on or about July 30, 2015.

During the plea hearing, the trial court ensured that the Defendant understood that while in accordance with the agreement he could seek probation, there was no agreement that he would actually receive probation. The trial court ensured that the Defendant understood that he was charged with three counts of violating his community supervision, first for not maintaining control of his vehicle, the second and third for consuming alcohol on different dates. The trial court summarized that the plea agreement, which included that the Defendant's effective sentence would be eleven months and twenty-nine days, at a 75% release eligibility date. After ensuring that the Defendant understood his relevant rights, and the rights he was waiving by entering a plea of guilt, the trial court accepted his guilty plea and set a hearing at which it would determine the manner of service of the Defendant's sentence.

At the sentencing hearing, the trial court reviewed the presentence report, which listed the Defendant's age as fifty-two at the time the officer prepared the report. The Defendant's prior record included that he was convicted: at age thirty-seven of

aggravated sexual battery; at age thirty-three of five counts of forgery and one count of theft; at age twenty-nine of theft over $1000, theft of services, obtaining money by signature by false pretense, and DUI; at age twenty-three of grand larceny and second degree burglary; at age twenty-two of DUI and driving on a suspended license; at age twenty-one of failure to appear; at twenty of public intoxication, reckless driving, and failure to stop for blue lights; at age nineteen of reckless driving.

The trial court noted that the Defendant had obtained his GED and worked at a wood plant. He also attended various schools while in state custody. The Defendant admitted in the report that he began drinking excessively in his twenties and quit drinking in 2014. The Defendant stated in the presentence report that he was self-employed, he had no wife, no children, and owned very little property.

The Defendant then testified, confirming much of what was in the presentence report. He expounded on his self-employment saying that he and a partner had recently purchased equipment with which to start a tree cutting service. He said he had between twelve and thirteen yard clients at the time of the hearing.

The Defendant explained the circumstances of the accident, saying that a deer jumped in front of his vehicle and caused him to swerve to miss it. He dropped off the edge of the road, lost control of his vehicle, and hit a tree. The Defendant said he was drinking "near beer" at the time because he was craving beer but it was a non-alcoholic option for him. He said that he had since learned that it does contain a small amount of alcohol. He agreed that he had beer cans in his vehicle, but he explained that he collected the cans to sell them, which earned him about $50 per week.

As to the second count of drinking, the Defendant explained that his mother and "wife" were both diagnosed with cancer. Shortly thereafter, when he went to his counseling meeting at the probation office, someone asked how he was doing. He told them that he had to "get me a beer and drink it," but he said he was referring to the non-alcoholic "near beer." According to the Defendant, upon hearing this, his counselor reported him as having consumed alcohol.

The Defendant said that his last offense had been eleven years ago and that he had been released from incarceration in March 2014. He said he had no other pending charges. The Defendant said that he had passed lie detector tests as part of his sex offender treatment. He had also passed drug screens.

The Defendant said that his wife, who was battling cancer, lived with him and depended on him for her care.

3

The Defendant reiterated that he was unaware that near beer contained alcohol, and he said he had passed a lie detector saying as much. He asked the trial court to grant him probation.

Based upon this evidence, the trial court made the following findings:

> The Defendant has a terribly long record. Some of it's old. But considering his prior record, prior failures on probation on this situation, I'm going to deny relief. He'll be required to serve his sentence of 11 months and 29 days at 75%.

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it denied him an alternative sentence. He asserts that he had received no other charges in the two years that the case was pending against him, demonstrating that he can comply with conditions of release into the community. He further asserts that he had no intent to violate the law, being unaware that "near beer" contained a small amount of alcohol. The State counters that the Defendant's exceptionally long criminal record alone provided the trial court a rational and sufficient basis to order confinement for the three misdemeanor convictions.

The standard of review for questions related to probation or any other form of alternative sentencing is "'an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act.'" *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (citing *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a). A defendant is not, however, automatically entitled to probation as a matter of law. The

4

burden is upon the defendant to show that he or she is a suitable candidate for probation. T.C.A. § 40-3-303(b); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986)). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1)(A)-(C). In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), -103(4). The party appealing a sentence bears the burden of establishing that the sentence was improper. T.C.A. § 40-35-401, *Sentencing Comm'n Cmts*.

The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2014). A trial court should also "consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of both the defendant and the public" in determining whether to grant or deny probation." *State v. Ring*, 56 S.W.3d 577, 586 (Tenn. Crim. App. 2001) (citations omitted).

5

As the Defendant in this case is convicted of three misdemeanors, with a total effective sentence of eleven months and twenty-nine days, he is considered a favorable candidate for probation. However, even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence pursuant to Tennessee Code Annotated section 40-35-103.

In this case, the trial court reviewed the Defendant's lengthy criminal history dating back more than thirty years and including multiple driving and alcohol related offenses. The trial court considered that the Defendant was on probation in this case when he consumed a beverage containing alcohol. On these bases, the trial court denied the Defendant's request for an alternative sentence. After review, we conclude that the trial court did not err when it denied the Defendant an alternative sentence. The Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

6